# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

v.

OLUWATIMILEYIN ALOAYE FREDERICK DIYAOLU,

Defendant.

Case No. 19-CR-10117-03-JWB

## SENTENCING MEMORANDUM AND REQUEST FOR DOWNWARD DEPARTURE AND/OR VARIANCE

Oluwatimileyin Diyaolu, through his counsel, Robert J. Moody of the Martin, Pringle, Oliver, Wallace and Bauer, L.L.P. law firm, files this Sentencing Memorandum and Request for Downward Departure and/or Variance in support of a sentence of probation.

18 U.S.C. 3553(a) requires the Court to impose a sentence sufficient, but not greater than necessary" to achieve the goals laid out in Subsection (a)(2), which states a sentence should reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, protect the public, and provide the appropriate correctional treatment to the defendant. In the determination of a "sufficient" sentence, the statute further requires the Court to consider a number of factors, including: "the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed [to accomplish the (a)(2) goals set out above]; (3) the kinds of sentences available; [] the sentencing range established … in the guidelines; (5) any pertinent policy statement … issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense." 18 U.S.C. 3553(a)(1)-(7). Importantly, the sentencing

1

Guidelines no longer provide mandatory sentencing ranges, but are but one factor to be considered in determining the sufficiency of a sentence. *Gall v. United States,* 552 U.S. 38, 128 S.Ct. 587 (2007).

The final Presentence Report ("PSR") calculates that the advisory guideline sentencing range from six months to 12 months based on a total offense level of 10 and a criminal history category of I. Because the applicable guideline range is in Zone B of the Sentencing table, the minimum term may be satisfied by (1) a sentence of imprisonment; (2) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in USSG 5C1.1(e), provided at least one month is satisfied by imprisonment; or (3) a sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement or home detention for imprisonment according to the schedule in USSG 5C1.1(e). USSG 5C1.1(c). Additionally, the defendant is eligible for not less than one nor more than five years of probation if a fine, restitution or community service is imposed and Mr. Diyaolu has agreed to pay restitution.

Mr. Diyaolu requests that the Court impose a sentence of probation in this case. Mr. Diyaolu acknowledges that the charge he plead guilty to is a serious offense, and he accepts full responsibility for his crime. A sentence of Probation would be "sufficient, but not greater than necessary" to accomplish the goals of sentencing outlined in 18 U.S.C. 3553.

Mr. Diyaolu was Indicted on August 14, 2019 with one count of Conspiracy to Launder Monetary Instruments in violation of 18 U.S.C. 1956(h). On March 16, 2021, Mr. Diyaolu pled guilty to an Information charging him with one count of Structuring Transactions to Avoid Reporting Requirements, contrary to 31 U.S.C. 5324(a)(3). Mr. Diyaolu allowed others to utilize

his checking account to deposit funds and then transferred those funds to other accounts. There are no allegations or evidence indicating that Mr. Diyaolu directly contacted or interacted with any victims of this scheme. Moreover, there is no evidence that Mr. Diyaolu knew that the funds that were being deposited into his checking account were obtained by illegal means.

Mr. Diyaolu moved to Wichita, Kansas in January 2015 when he was 17 years old to further his education at Wichita State University. He successfully completed his Bachelor of Science in Electrical Engineering with a minor in Mathematics in May, 2020. As reflected in the Presentence Investigation Report, Mr. Diyaolu gained many skills during the course of his education and was able to successfully find employment with Safe Haven Security Service in Kansas City shortly after graduating. In April 2021, Mr. Diyaolu found a job with increased pay and better suited his educational background and skillset with Millbank Manufacturing where he continues to be employed.

When Mr. Diyaolu was recruited to take part in this scheme, he was approximately 19 years old. Mr. Diyaolu mistakenly and naively believed that he was simply assisting an acquaintance – that told Mr. Diyaolu that this scheme was legal – with a way to transfer money from Nigeria where the economic and banking conditions at that time made it extremely difficult to transfer funds.

At the time Mr. Diyaolu made the decision to participate in this scheme, he was a broke college student, the financial assistance that he was receiving from his family in Nigeria was dwindling, and he saw an opportunity to supplement his income. Mr. Diyaolu realized how misinformed and unsound his belief that he was doing nothing illegal when he was arrested in this case and it shook him to his core.

Mr. Diyaolu understands and accepts full responsibility that his conviction is a serious crime and that although he did not directly contact or interact with any victims in this case, there were many victims that were significantly and very detrimentally impacted by his crime. A federal sentence of probation will show the seriousness of the offense and promote respect for the law by requiring Mr. Diyaolu to remain under supervision with certain conditions imposed. Mr. Diyaolu owes a significant amount of restitution and allowing him to continue with his employment will allow him to make restitution payments.. Additionally, a sentence of probation will afford adequate deterrence to criminal conduct. Mr. Diyaolu now has a federal conviction and is fully aware that his poor decisions and lack of judgment put him in this situation. Mr. Diyaolu knows that if he does not strictly comply with all the terms and conditions of his probation then he will be facing imprisonment.

WHEREFORE, for the above and foregoing reasons, defendant prays this Court impose a sentence of probation in this case.

Respectfully submitted,

MARTIN, PRINGLE, OLIVER,
   WALLACE & BAUER, L.L.P.

By:     /s/ Robert J. Moody
        Robert Moody, #26398
        645 E. Douglas, Suite 100
        Wichita, KS 67202
        Telephone: (316) 265-9311
        Facsimile:  (316) 265-2955
        rjmoody@martinpringle.com
        *Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above Motion for Downward Variance and Sentencing Memorandum was filed and served electronically pursuant to the CM/ECF system on May 27, 2021, on all counsel of record.

        /s/ Robert J. Moody
        Robert J. Moody, #26398

4

01547126.docx