IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        *Plaintiff,*<br><br>v.<br><br>OLUWATIMILEYIN ALOAYE<br>FREDERICK DIYAOLU,<br>        *Defendant.* | Case No. Case No. 19 CR 10117-JWB-03 |

**MOTION TO TERMINATE DEFENDANT'S
TERM OF SUPERVISED RELEASE**

Under 18 U.S.C. § 3583(e)(1), Oluwatimileyin Diyaolu, through his counsel, Robert J. Moody of Martin, Pringle, Oliver, Wallace & Bauer, L.L.P., respectfully moves this Court for an Order terminating the remaining term of his Supervised Release.

**I. Background**

On March 16, 2021, Mr. Diyaolu pled guilty to one count of Structuring Transactions to Avoid Reporting Requirements (a Class D Felony) contrary to 31 U.S.C. § § 5324(a)(3) & (d)(1). He was subsequently sentenced to time served and two years of Supervised Release on June 3, 2021. Mr. Diyaolu has now completed almost 18 months of Supervised Release, strictly complying with all of the terms and conditions of his Supervised Release.

**II. Legal Framework**

This Court has the authority to terminate a term of Supervised Release under 18 U.S.C. § 3583(e)(1). The only statutory requirement for termination is that the defendant has served at least one year of Supervised Release. 18 U.S.C. § 3583(e)(1). If that requirement is met, the statute provides for termination if the Court "is satisfied that such action is warranted by the conduct of

the defendant released and the interest of justice." *Id.* The statute further instructs this Court to consider almost all of the statutory sentencing factors listed at 18 U.S.C. § 3553(e). *Id.*; *see also Rhodes v. Judiscak*, 676 F.3d 931, 935 (10th Cir. 2012). The one § 3553(a) factor that cannot be considered is "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3583(e) (excluding 18 U.S.C. § 3553(a)(2)(A) from consideration).

To decide this Motion, the Court can also derive guidance from the Guide to Judiciary Policy.[1] The policy instructs probation officers to consider termination of supervised release "for offenders as soon as they are statutorily eligible." *Id.* at 1. Criteria to consider include: (1) stable community reintegration; (2) progressive strides toward supervision objectives and compliance with all conditions of supervision; (3) no aggravated role in the offense of conviction; (4) no history of violence; (5) no recent arrests or convictions; (6) no recent evidence of alcohol or drug abuse; (7) no recent psychiatric episodes; (8) no risk to the safety of any victim; and (9) no identifiable risk to public safety based on the Risk Prediction Index. *Id.* at 1-2. The policy also instructs officers to consider timely payments of financial penalties. *Id.* at 2.

### III.  Post-Sentencing Conduct

Mr. Diyaolu began his term of supervision on 6/3/21 and his term expires on 6/2/23. Mr. Diyaolu has maintained stable employment and residence and has reported as directed. Mr. Diyaolu has been strictly complying with all terms and conditions of his Supervised Release. While he does have an outstanding restitution balance of $119,926.00, he has been making regular monthly payments and will continue to do so. The probation office does not have any concerns at

---

[1] The Administrative Office "serves the federal Judiciary in carrying out its constitutional mission to provide equal justice under law" and acts as "the central support entity for the Judicial Branch." *See* http://www.uscourts.gov/FederalCourts/UnderstandingtheFederalCourts/AdministrativeOffice.aspx.

this time and does not oppose early termination regarding Mr. Diyaolu. Assistant United States Attorney, Aaron Smith, does not object to an early termination of Mr. Diyaolu's Supervised Release.

## IV.     Conclusion

Under 18 U.S.C. § 3583(e)(1), this Court has the authority to terminate the remainder of Mr. Diyaolu's term of Supervised Release and respectfully makes that request.

>Respectfully submitted,
>
>MARTIN, PRINGLE, OLIVER,
>  WALLACE & BAUER, L.L.P.
>
>By:     /s/ Robert J. Moody
>   Robert Moody, #26398
>   100 North Broadway, Suite 500
>   Wichita, KS 67202
>   Telephone: (316) 265-9311
>   Facsimile:  (316) 265-2955
>   rjmoody@martinpringle.com
>   *Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above Motion to Terminate Defendant's Term of Supervised Release was filed and served electronically pursuant to the CM/ECF system on December 19, 2022 on all counsel of record.

>      /s/ Robert J. Moody
>Robert J. Moody, #26398